[Cite as *State v. Nikzad*, 2025-Ohio-2972.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2024CA00199 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Municipal Court, Case No. 2024TRD6399 |
| EMILY S. NIKZAD | Judgment: Reversed |
| Defendant – Appellant | Date of Judgment Entry: August 18, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** BAILEY J. RICCI, for Plaintiff-Appellee; ATHENA A. GIAVASIS, for Defendant-Appellant.

OPINION

*King, J.*

{¶ 1}  Defendant-Appellant Emily Nikzad appeals the November 20, 2024 judgment of the Massillon Municipal Court which convicted her of speeding in a school zone. Plaintiff-Appellee is the State of Ohio. We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On the morning of September 19, 2024, Perry Township Police Officer Brian Henne was working school zone traffic enforcement at Central Catholic High School and Saint Joan of Arc Elementary school in Perry Township pursuant to a special traffic enforcement grant. At 7:40 a.m., Officer Henne observed Nikzad driving her gold Chevy

sedan through the school zone at what appeared to Henne to be faster than 20 miles per hour. Henne checked Nikzad's speed with his department issued hand-held laser and confirmed Nikzad was traveling at 37 miles per hour. Henne subsequently cited Nikzad for traveling at a speed greater than 35 miles per hour in a school zone.

{¶ 3}  Nikzad pled not guilty to the citation and opted to proceed to a bench trial which took place on November 20, 2024. The trial court stated it was stipulating to the qualifications of Officer Henne as an officer of 25 years, and that he was an expert on speed, radar, and speeding in a school zone. Counsel for Nikzad objected to a stipulation as to the officer's qualifications. The State elicited the above outlined evidence and played the officer's dash camera footage for the court. Nikzad presented no evidence. The trial court found Nikzad guilty of speeding in a school zone, speed greater than 35 miles per hour, a misdemeanor of the fourth degree.

{¶ 4}  Nikzad filed an appeal and the matter is now before this court for consideration. She raises three assignments of error as follow:

I

{¶ 5}  "THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT, AND THE CONVICTIONS MUST BE REVERSED."

II

{¶ 6}  "THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND MUST BE REVERSED."

III

{¶ 7}   "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶ 8}   In her first assignment of error, Nikzad argues her conviction is not supported by sufficient evidence. We agree.

{¶ 9}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).

{¶ 10}   Nikzad was cited pursuant to R.C. 4511.21(B)(1) which provides speed limits in school zones. That section states in relevant part:

> (1)(a) Twenty miles per hour in school zones during school recess and while children are going to or leaving school during the opening or closing hours, and when twenty miles per hour school speed limit signs are erected . . .

{¶ 11} Nickzad argues the State failed to prove 20 mile per hour signs were erected in accordance with the statue and further failed to prove Henne was qualified to

use the radar device and that the device was in good working condition. We address Nikzad's first argument as it is dispositive of this appeal.

{¶ 12} During its direct examination of Office Henne, the State asked Henne how a motorist is alerted to the school zone in question. Henne answered: "So, this school zone has, uh, for westbound traffic two sets of flashing lights. Uh, you have one in the area of Subway and one in the area of Mears Nissan and for vehicles traveling eastbound, you have a flashing light at Bordner Avenue." Transcript of trial at 5.

{¶ 13} There was no follow up questioning by the State to establish whether or not this school zone was also delineated by signs. We have reviewed Henne's dash camera footage and note it also contains no evidence of posted signs. Because the record is devoid of any evidence of signage defining a school zone, we find the State failed to establish Nikzad was speeding in a school zone pursuant to R.C. 4511.21(B)(1)(a).

{¶ 14} The first assignment of error is sustained.

## II, III

{¶ 15} In light of our ruling on Nikzad's first assignment of error, the second and third assignments of error are moot.

{¶ 16} The judgment of conviction and sentence of the Massillon Municipal Court is reversed.

{¶ 17} For the reasons stated in our accompanying Opinion, the judgment of the Massillon Municipal Court is reversed.

{¶ 18} Costs are waived.


By: Hoffman, P.J.

King, J. and

Montgomery, J. concur.